JOHN H. LYON, plaintiff in error, *vs.* DUKE WILLIAMS, defendant in error.

1. Counsel being authorized by the defendant to defend the suit, it was the duty of the defendant to have put his attorney in possession of such matters of defense as he conceived to exist in defense thereto, and a confession of judgment by counsel representing the case, with the knowledge and at the instance of the party, is sufficient in law without any special authorization to that effect ; it followed as a legitimate incident of his professional relation to the case.
2. Under the pleadings and facts of this case, the facts in controversy were properly submitted to the jury, and the charge of the Judge was a clear statement of the law governing it; " that if the administrator had charged himself with the debt, and became liable therefor, then the original debt was extinguished, and the note given to him individually was a novation, the consideration of which was the money advanced." And there being sufficient evidence to sustain the charge of the Court, and the verdict of the jury, the Court below refusing a new trial, ought not to be interfered with or set aside.
3. It is only in cases where there has been no novation of the contract, and the consideration is a slave or the hire thereof, that the Courts of this State are inhibited from exercising jurisdiction under the Consti-

tution. But when payments have been given upon notes given since June, 1865, questions of fact arising under the pleadings upon suits brought to enforce such debts, when such consideration is denied and issue joined thereon, are the subject matter of judicial investigation to be submitted to a jury, upon evidence admitted under the rules of law.

Principal and Agent. Attorneys at law. Novation. Slave debts. Before Judge GREEN. Upson Superior Court. November Term, 1870.

The facts of this cause are in the opinion. When it was called here, counsel for defendant in error moved to dismiss the bill of exceptions, because the contest was as to whether this were a debt for the hire of slaves and, therefore, this Court had no jurisdiction to hear it under the constitutional prohibition of jurisdiction over such debts. The motion was overruled.

DOYAL & NUNNALLY, for plaintiff in error.

SMITH & ALEXANDER, JOHN I. HALL, for defendant.

LOCHRANE, C. J.

In this case it appears that Williams brought his action against Lyons on a promissory note for $136 80, to the May Term, 1867, of Upson Superior Court. At the term following, judgment was confessed by Bell and Spivey, defendant's attorneys, and judgment entered up. Subsequently a rule *nisi* was granted by the Court, served upon the plaintiff, calling on him to show cause why the judgment should not be set aside on the ground that it was improvidently confessed without knowledge by said attorneys that the note, the foundation of this action, was given in renewal of a note, the original consideration of which was the hire of a slave. Williams answered the facts stated in the motion and rule *nisi*, alleging that they were untrue. Defendants joined issue, upon which the case went to the jury upon the following statement of facts : Lyons, the maker of the note, stated.

that he hired a negro from Williams, as administrator of David Kendal, deceased, in 1861 or 1862, for $125 00. He offered to pay Williams in Confederate money, which he was unwilling to take, Williams agreeing not to charge interest on the amount which was agreed to, and in 1866, Williams came to witness and requested him to give him a new note, stating that the first had been lost while in the hands of Mr. Lyons for safe keeping, and that he had made a return of said note as administrator and was liable thereon. Under this statement the note sued on was given and the interest from the demand added. The note was given to Williams individually. General Bell stated that Lyons, the defendant, was his son-in-law; that he told him of the suit and that he would attend to it, to which he assented; that he did not know the consideration was negro hire; that he filed no plea and confessed judgment; that he was not authorized to make the confession, and that he would not have confessed if he had known this defense. The jury found the issue in favor of Williams, the Judge charging them, that if they believed defendant gave the substituted note now sued on to Duke Williams, because Duke Williams had paid said note to the estate of David Kendal, deceased, or the amount thereof, then the defense set up could not be maintained, because the note was not, in that event, given for negro hire, but in settlement of money advanced, or laid out and expended for the defendant. A motion was made for a new trial in this case, upon the following grounds: 1st. Because the Court erred in refusing to open the judgment upon the testimony of Bell before submitting the same to the jury. 2d. Because the Court erred in permitting the verdict to go against the defendant, under the facts in this case. 3d. Because the charge of the Court was error. 4th. Because the verdict was contrary to law. 5th. Because it was contrary to evidence. The Court overruled the motion for a new trial, and this judgment is the error complained of.

1. We are satisfied, from the record in this case, that the

Court committed no error in refusing to open the judgment upon the testimony of Bell, as it appears from the record that he was authorized to defend the suit, having called the attention of the defendant to it. It was his duty to have put in the knowledge of his counsel such matters of defense as he conceived to exist against such suit. A confession of judgment by counsel representing the case, with the knowledge and at the instance of the defendant, is sufficient, in law, without any special authorization to that effect, and we do not hold that it was error in the Court to refuse to set aside a judgment on the ground of improvident confession, under the facts as stated.

2. Certainly it was not error in the Court to refuse to give judgment upon the facts controverted, as to the merits of the defense in this case, upon an *ex parte* hearing, where issue had been joined and the verdict of the jury invoked by the pleadings; nor was it within the inhibition of the Constitution of this State to submit the question of fact, upon issue joined, to the jury, who were alone authorized, except by consent of the parties, to find the facts of the case.

3. Again, and in regard to the main, controlling question of this case, we think the testimony sufficient to have invoked the charge of the Court; for, as to the charge itself, there is no doubt as to its clear statement of an unquestioned principle of the law. If the administrator had charged himself with this debt, either paying or becoming liable in his official and fiduciary capacity to pay the original debt to the estate, then such debt is extinguished, and its original consideration is no longer a matter of judicial interpretation or controversy, and the note given to him individually, under the well settled rules of law heretofore adjudicated by this Court, was a novation, and the note given was based on the consideration of the liability of money advanced by such administrator to the estate of Kendal. In considering the facts developed by the testimony, we have arrived at

the conclusion that there was sufficient testimony submitted to the jury to have authorized the charge of the Court and invoked their judgment; and it follows, as a consequence, that their finding, under the established rulings of this Court, ought not to be interfered with by the Court below, and his judgment refusing a new trial thereon will not be reversed by this Court.   It is only in cases where there has not been a novation of contract, and the question of consideration was a slave or slaves, or the hire thereof, *apparent or uncontradicted,* that the Courts in this State are deprived of jurisdiction, by the Constitution, to give judgment or enforce the debt.   Where judgments have been obtained upon notes given since June, 1865, questions of fact arising under the pleadings, upon suits brought to enforce such debts, when such consideration is denied, and issue joined thereon, are the subject matters of judicial investigation, to be determined by a jury, upon the admission of testimony, under the rules of law.

Judgment affirmed.