CHARTER DANIEL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. This court is not aware of any valid law authorizing the county court to entertain a motion for a new trial.

2. The proper remedy of a defendant who has been convicted before that court, is by writ of *certiorari* in the first instance; but where a motion for a new trial was made and overruled, and the writ of *certiorari* sued out to

Daniel *vs*. The State of Georgia.

such judgment, the whole record being before the superior court, it was competent for that tribunal to look into the same and to consider the errors assigned.

3. Where a witness referred to a book in his pocket as containing a statement of an account which was material to the issue then being tried, it was error in the court not to require the same to be produced.

4. The judgment of guilty rendered by the court was contrary to the evidence.

County Court. New trial. *Certiorari*. Practice in the Superior Court. Evidence. Before Judge BARTLETT. Morgan Superior Court. March Term, 1875.

Reported in the decision.

A. G. & F. C. FOSTER, for plaintiff in error.

No appearance for the state.

WARNER, Chief Justice.

The defendant was tried in the county court of Morgan county, on a written accusation, charging him with the offense of simple larceny, to-wit: at he secretly and fraudulently took and carried away a bale of cotton of the value of $60 00, with intent to steal the same. The defendant was found guilty, and a motion was made for a new trial in the county court on several grounds, which was overruled. The defendant then sued out a *certiorari* to the superior court, alleging the same errors complained of in the motion for a new trial in the county court, and alleged that the county court erred in overruling the motion for a new trial on the grounds specified therein. The superior court overruled the *certiorari* and dismissed the same; whereupon the plaintiff in *certiorari* excepted.

1. We are not aware that the county court had any valid legal power or authority to grant a new trial in the case.

2. The defendant's proper remedy was by *certiorari* in the first instance, but inasmuch as the whole case was brought before the superior court by a writ of *certiorari*, it was compe-

tent for that court to look into the record of the trial of the defendant in the county court, and to consider the errors alleged therein to have been committed on the trial, in the same manner as if there had not been any motion for a new trial in the county court.

3. It appears from the evidence in the record that the defendant claimed an interest in the bale of cotton alleged to have been stolen by him; that he took it publicly in the day time from the gin-house where it was ginned; that he raised the cotton; that the extent of his interest in it depended on the settlement of the accounts between him and Reid. The county court erred in not requiring the witness, Reid, to produce the book of account against the defendant, which he admitted he then had in his pocket, inasmuch as he referred to that book of account in his testimony, as containing a statement of the defendant's indebtedness to him.

4. There is *no evidence* in the record of the *value* of the cotton alleged to have been stolen by the defendant. In our judgment the court erred in overruling the defendant's *certiorari*.

Let the judgment of the court below be reversed.