## GLOVER *vs.* MOORE.

A married woman who entrusts the defense of a suit at law to counsel chosen by herself, is bound by the acts of such counsel to the extent that any other suitor would be; and if her plea be withdrawn by her counsel on terms executed by the other side, and judgment be rendered against her without any fraud on the part of her adversary or his counsel, such judgment will conclude her.

Injunction. Attorney and client. Judgments. Before Judge McCutchen. Bartow County. At Chambers. September 29, 1877.

Mrs. Moore filed her bill to enjoin a judgment from proceeding against her separate property. The injunction was granted in the following decision by the chancellor:

"Mr. Akin, the counsel for the defendant, expressly waived any question as to the jurisdiction of Bartow superior court. The credit in this case, so far as the original account is concerned, was evidently extended by the defendant to the husband of complainant, and not to the complainant. The goods were charged to the husband and not to the wife, and while the defendant, in his answer, insists that *some* of the goods went to the use of complainant, he does not pretend that all of them did. Our Code provides that the wife cannot bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband. The words are peculiar. She may contract, but she cannot *bind her separate estate* for any debt of her husband. But it is insisted here that her separate estate is bound—not by her contract—by the judgment—that she cannot have the protection of the statute after suffering judgment by default. In other words, that though she cannot bind her separate estate by the most solemn contract, that she may bind it effectually by her default, or laches in neglecting to plead, or by a *contract* to withdraw her plea. The object of this statute was to protect the wife's estate from the effects of

the influence which the law presumes the husband to have over the wife. Is the influence of the husband less potent in inducing non-action, default or laches on the part of the wife, than it would be in producing direct action on her part? The statute will be a poor protection against the influence of the husband under such a construction as this. The complainant does not ask that the judgment be opened, and that she be allowed to plead. She simply asks what the statute guarantees, that her separate property shall not be subjected to pay the debts of her husband. The separate estate of the wife is under the special protection of the law as against the husband, and the law will not allow its powers or judgment to be used as the indirect means of accomplishing what the law positively forbids. It is therefore ordered that the writ of injunction do issue as prayed for by complainant."

To this decision defendant excepted.

WARREN AKIN & SON, for plaintiff in error.

No appearance for defendant.

JACKSON, Judge.

This was a bill filed by Mrs. Moore to be relieved from a judgment at law against her, upon which execution was issued and levied upon her separate real estate. The equity alleged is that she was sued upon the note jointly with her husband—that she put in a plea through her counsel, which was withdrawn by him at the same time that a plea of her husband was withdrawn, but without her assent thereto— that the plea showed, and the fact was, that it was her husband's debt, and that she signed certain notes with him, at his urgent solicitation, to procure time—but that her plea was withdrawn and the judgment was rendered against her.

It appears from the evidence that Mrs. Moore employed counsel to defend the common law suit, and entrusted to that counsel her defense—that her husband had the same

counsel—that at the trial term—husband and wife and
plaintiff, were all present at court—that the case was con-
tinued by plaintiff on account of surprise at the pleas—that
the counsel for defendants approached plaintiff's counsel
and proposed to withdraw plea and let judgment go against
husband and wife—if time was given—that this counsel
was the brother-in-law of the husband—that it was agreed
to do so if their clients would agree to it—that at the next
term the counsel reported to each other that their clients
had agreed, and the judgment was entered pursuant to the
agreement, and the execution stayed pursuant thereto.

Upon these facts, the chancellor gave his opinion as set
out in the record, and enjoined the judgment on the ground
that the Code, section 1783, declares that the wife "cannot
bind her separate estate by any contract of suretyship, nor
by any assumption of the debts of her husband;" and the
chancellor argues that inasmuch as she could not assume by
contract the debts of her husband, she cannot, by suffering
judgment to go against her, bind her estate by a contract to
suffer the judgment to go against her.

In our judgment the fallacy of the argument consists in
not considering the legal effect of the judgment. That
effect is that the debt is adjudicated by a court of compe-
tent jurisdiction to be a legal debt of the wife—to be her
own debt and not the debt of the husband—otherwise the
court would not have rendered it; and the judgment thus
rendered by a court of competent jurisdiction, finding that
this debt is not her husband's alone but her own also, is as
conclusive upon that issue as any other judgment on any
other issue can be. If there had been any allegation and
proof of fraud on the part of the plaintiff or his counsel,
by which Mrs. Moore or her counsel and agent had been
cheated and deceived in respect to the withdrawing her plea,
then equity would interpose to relieve her and to set aside
the judgment, restraining the plaintiff by injunction until
the hearing for that purpose; but nothing of the sort is.
pretended here. If anybody wronged her it was her coun-

sel, and she must look to him.   2 McCord's Chan. R. 406.
It must be borne in mind that a radical change is made in
the law of husband and wife by the act of 1866, and the
constitution of 1868, affirmed too by the constitution of
1877 ; and the wife now can sue or be sued as to her sepa-
rate estate ; she may employ counsel to whom her rights
are entrusted and she will be bound by the acts of such
counsel in the management of her case just as other suitors
are bound.   If she be served—if she appear in court—if
she be heard by counsel chosen by her—the judgment ren-
dered without fraud on the part of her adversary will bind
her ; and binding her, it will bind her property.   There
must be an end to legal investigation somewhere, even
where a wife's estate is concerned; and if that judgment
will not bind her, rendered by that court of competent ju-
risdiction, this judgment will not, nor will any that any
court could render.

For authority that attorney can bind client, see 1 *Ga.*,
280; 31 *Ga.*, 1; 42 *Ga.*, 168.   This agreement between
the counsel was in writing, and was binding.   Code, §408.
That section is conclusive upon Mrs. Moore, if she could
have concluded herself being present ; and she could have
done so by making the agreement for time, and withdraw-
ing her plea and suffering the judgment to be taken that
the debt was her own and not her husband's only.

That equity will not interfere to set aside such a judg-
ment, where she knew of the defense, except for fraud or
act of the other side unmixed with fraud or negligence on
her part.   See Code, §3129 ; 2 *Ga.*, 275 ; 6 *Ga.*, 172.

In this case Mrs. Moore knew of her defense ; no fraud
on the part of her adversary or other bad conduct in him
or his counsel is charged ; while certainly her own conduct,
through her agent, would operate fraudulently upon the
plaintiff, who gave time and was prevented from showing
what part of the goods were for her, and what credit was
given to her ; and she certainly was negligent in not seeing

that her defense was made, and her attorney negligent in not making it for her, if she wished it done.

The law is therefore against her; and we must reverse the judgment of the chancellor enjoining the plaintiff's judgment from proceeding against her property.

Judgment reversed.