### PITTS *vs.* CARR.

In so far as the act of February 24th, 1873, (Code, §317), provides for granting new trials by the county judge, the same is unconstitutional and void.   A motion for a new trial is in the nature of a writ of error.

County Courts.  New Trial.  Before Judge HALL.  Newton Superior Court.   March Term, 1878.

The county judge ordered a new trial in a civil case tried in his court.   His decision was carried for review to the superior court by writ of certiorari, where his judgment was reversed.   To this ruling defendant in certiorari excepted.

L. L. MIDDLEBROOKS, by brief, for plaintiff in error.

CLARK & PAGE, for defendant, cited on want of authority in county judge to grant new trial, 55 *Ga.*, 222; 6 *Ib.*, 172; Code, §§5070, 5091.

BLECKLEY, Justice.

The learning in the books of practice, touching writs of error *coram nobis*, and writs of error *coram vobis*, evinces that a motion for a new trial is in the nature of a writ of error.   The power of a court to go back on its own findings and judgments, and reverse them, is a strong one; and in this state, the granting of new trials has been made a subject of constitutional law.   Without referring to the earlier constitutions, it is only necessary to cite that of 1868, which,

in treating of the superior courts, declares that "There shall be no appeal from one jury in the superior courts to another; but the court may grant new trials on legal grounds." Code, §5091. The same constitution (Code, §5084) provides as follows: "The judicial powers of this state shall be vested in a supreme court, superior courts, courts of ordinary, justices of the peace, notaries public, and such other courts as have been or may be established by law." Other provisions of the constitution treat of the jurisdiction and powers of the several courts and officers named, and on none of them, except the superior courts, is the power to grant new trials conferred. The superior courts being the highest courts of original jurisdiction known to the constitution, a high power expressly granted to them, and to none others, ought, we think, to be treated as an exclusive power. There can be no question that the power of entertaining motions for new trials is a very high power. The constitution of 1868 was of force when the attempt was made by the act of February 24th, 1873, to enable the county judges to grant new trials. It follows from what we have said, that, in our opinion, the act was and is, so far, unconstitutional and void. See 55 *Ga.*, 222.

Judgment affirmed.