32525. JOHNSON *et al. v.* THE EVANGELICAL LUTHERAN CHURCH OF THE MESSIAH.

DECIDED JULY 15, 1949.

*Carl T. Hudgins,* for plaintiff.

*Howard, Tiller & Howard, Elmo Holt,* for defendant.

SUTTON, C. J. Miss Susie Johnson, Mrs. G. M. Clements, Mrs. H. B. Adams, Mrs. A. E. Staley, Dewey Scarboro, L. A. Brown, Mrs. W. A. Ozmer, Mrs. P. A. Kellett, and Carl T. Hudgins petitioned the Superior Court of DeKalb County for a writ of

certiorari in order to review the action of the Commissioners of the City of Decatur in rezoning certain residential property and reclassifying it, which had been done upon application of the Evangelical Lutheran Church of the Messiah, the owner of the property, it being desired to use the property for the erection of a church building and other church purposes. The writ of certiorari was sanctioned, the commissioners filed an answer, admitting, in substance, the allegations of fact in the petition for certiorari, and, after a hearing, the trial judge dismissed the certiorari, and the plaintiffs in certiorari excepted.

The following facts appear in the petition for certiorari and attached exhibits: On August 17, 1946, the Evangelical Lutheran Church of the Messiah made application to the Commissioners of the City of Decatur for an amendment to the zoning ordinance of Decatur in order to proceed with the erection of a church building on the southeast corner of Clairmont and Erie Avenues in Decatur. A public hearing was held on September 3, 1946, and the application was rejected. Another application was made on October 14, 1946, and a hearing was held on November 7, 1946, and at that hearing a written plea in bar was filed by the objectors to the application. The basis of this plea in bar was that the applicant had acquiesced in the action of the commission in September, having failed to apply for certiorari to review the action within the time provided by law, and that this was a bar to the subsequent application for rezoning. In support of this plea in bar the minutes of the meeting of the commission on September 3, 1946, and the previous application for rezoning were introduced, and after the present application for rezoning was introduced by counsel for the applicant, one witness for the objectors testified to the effect that there had been a full hearing on the matter at the time the application was rejected in September. The chairman of the commission announced at this stage in the proceeding that the plea would be considered later, after hearing all the evidence. Reverend Harry Tisdale, pastor of the Holy Trinity Episcopal Church, testified as to the desirability of locating a Lutheran church at the proposed site. Reverend Dermon A. Sox, the pastor of the Evangelical Lutheran Church of the Messiah, testified at different times during the hearing. He testified as to the size of the

congregation and the manner in which funds would be secured to build a church, and gave details as to the members of the congregation living in Decatur, describing the number of members residing in Decatur and the location of their residences, and also gave information as to Lutherans residing in Decatur who were not members of his congregation. It also appears that he had contacted many of the residents of the area around the proposed church, and that of 55 homes within a block of the location, less than half were represented by the signers of a petition filed by the objectors to the proposed location. Reverend Lloyd Garland, assistant pastor of the First Baptist Church, testified as to the desirability of the proposed site for the location of a church. At the request of counsel for the applicant, those persons favoring the location of a church at the proposed site stood, and the chairman of the commission then directed that those who did not live within two blocks of the proposed location should sit down, and some three or four persons remained standing. Counsel for the objectors made a similar request, and when it was restricted to those living within two blocks of the proposed location, the plaintiffs in certiorari were among those who remained standing. None of the persons standing were sworn as witnesses at this time, but their acts and claims in standing were not challenged by any person. Miss Susie Johnson testified that she lived directly across the street from the proposed church site, and she identified a diagram showing the residences of those persons who had signed a petition opposing the location of the church. The diagram was introduced in evidence. A number of men in the real-estate business who lived near the proposed location, and who objected to the location of a church in the area, testified that the location of a church in a residential area depresses the value of the residential property. Searcy Slack testified that he owned property adjoining the proposed site for the church and had no objection to the location of a church on the property in question. All proceedings with respect to the filing of the application, the giving of notices, and the hearing itself, were in accordance with the charter and ordinances of the municipality. Before a decision, two members of the commission retired from it and were

succeeded by new members: But it was agreed that the matter would be submitted to the new commission on the evidence contained in the transcript of the November hearing; and on February 4, 1947, the matter was argued by counsel, and the commission passed an amendment to the zoning ordinance changing the property from a residential classification to Class B-1 (9), Business District, "to be used exclusively for the erection thereon of a church or church buildings."

The act of 1929 (Ga. L. 1929, p. 1021) empowers the Commissioners of the City of Decatur to adopt and enforce zoning rules and regulations. Section 5 of the act provides for a notice and a public hearing before the adoption of a zoning plan. Section 6 is as follows: "The Commissioners of the City of Decatur shall have power and authority to alter, amend, and change such zoning plan from time to time, as in their discretion may seem best, but notice of any such proposed change shall be given in the manner provided in the preceding section of this act." Section 9 of the act is as follows: "Every decision of the Commissioners of the City of Decatur as to zoning regulations shall be subject to writ of certiorari issued from the superior court upon the same terms as such writs are issued in any case."

There is no merit in the contention of the plaintiffs in error to the effect that the plea in bar made at the November hearing before the commission should have been sustained. Under the act of 1929 the commissioners are empowered to rezone an area at any time, provided the conditions prescribed in the act are met; and, although the proceeding for rezoning is quasi-judicial in nature, in that notice and a hearing are required before the commissioners are authorized to take any action, nothing appears which would prevent the commissioners from reconsidering a matter and entertaining another application for rezoning after having rejected a previous application. It is also the contention of the plaintiffs in error that the action of the commissioners was in violation of certain sections of the zoning ordinance. This contention is without merit, inasmuch as the action of the commissioners in rezoning the property was in itself an amendment to the zoning ordinance. The basis of the remaining contentions of the plaintiffs in error is that the action was contrary to law and without evidence to support it. Because of the broad dis-

cretion vested in the commissioners by the act of 1929, the judge of the superior court had no power to disturb their action in rezoning certain property unless it should be made to appear that the proceedings were contrary to law, or that there had been no exercise of discretion, or a manifest abuse of discretion. No error of law appears, and there was some evidence showing the desirability of the proposed location of the church and indicating that the residents of a majority of the homes in the vicinity of the area were not opposed to the proposed location of a church, and the evidence as a whole was such as would warrant the exercise of the discretion vested in the commissioners under the law. Under the facts shown in the case, the judge of the superior court did not err in dismissing the certiorari.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. ■ While each judgment of the commission in a zoning case is quasi-judicial, I do not think that it was the intention of the legislature to preclude a reconsideration of the denial of a zoning application in view of changed conditions. The petitioners in certiorari here fail to show that there had been no change in conditions and circumstances since the denial of the first application.    168 A.L.R. 127 (e).

■ The petitioners in certiorari contend that the action of the commission was illegal, because it was not the intention of the charter or ordinances to treat any one individual lot as an "area"; that each "area" set up by the commission had to be treated as a whole; and that 50% of the residents of the "area" have to petition for a change. Even if this contention is correct, the petition for certiorari alleges that notices were given in accordance with the charter and ordinances, and it would seem, if that is true, that the procedure was proper because everyone interested was given an opportunity to object, and the commission could have acted on its own motion without a petition.