36664.   LEDBETTER *v.* ROBERTS, Mayor.

DECIDED MAY 1, 1957.

*Preston L. Holland, Holland & Lea*, for plaintiff in error.

*Ezra E. Phillips, Phillips, Johnson & Williams*, contra.

FELTON, C. J. ■ The grounds of the demurrers, motion and plea are substantially the same and will be treated together.

The appeal petition was as follows: "1. That appellant, A. A. Roberts, is the duly elected, qualified and acting Mayor of the City of East Point, Georgia. 2. That prior to the hereinafter mentioned dates and events the governing authority of the City of East Point, Georgia, by the passage of a proper resolution duly declared an Act of the General Assembly of Georgia (Ga. L., 1946, pp. 191, 203) entitled 'An Act to authorize the governing authority of the several municipalities of this State to enact zoning and planning ordinances and regulations, to provide the procedure for zoning and planning, to provide for the establishment of planning boards and boards of adjustment and for other purposes,' to be effective in and for said city. 3. On March 5, 1956, the board of adjustment of said city, appointed and acting under the provisions of said act, made and entered up a decision or judgment, a copy of which is hereto attached as Exhibit 'A' and made a part of this appeal. 4. Petitioner is dissatisfied with

that portion of said decision, or judgment which purports to reverse the decision of the general building inspector of said city denying said G. L. Ledbetter a permit to erect a business building in a residential zone of said city, and comes now within the time allowed by law and files and enters this appeal therefrom, and says that said decision, or judgment is contrary to law, and said board of adjustment was without jurisdiction to render same on March 5, 1956, for the following reasons, towit: (a) No notice was given to said city's general building inspector, Lewis J. Stovall, by said board of adjustment that the appeal of said G. L. Ledbetter from the decision of said inspector denying said G. L. Ledbetter a permit to erect a business building in a residential zone which the council of said city had refused to rezone for said Ledbetter, would be heard by said board on March 5, 1956, and neither did said inspector receive any such notice from any other source, and was not present and was not represented before said board at its said meeting on March 5, 1956, when said appeal of said G. L. Ledbetter was heard and said decision, or judgment on same was rendered by said board. (b) Said decision, or judgment of said board shows upon its face that same does not purport to decide finally the issues involved in said appeal, in that the same does not specifically deny said appeal, nor does the language thereof constitute a decision immediately effective sustaining said appeal. (c) Said decision or judgment of said board shows upon its face that same is conditional, and not to be, or ever become effective unless and until the happening or occurrence of several events in the future therein expressed and described. (d) It was not alleged in the appeal of said G. L. Ledbetter that there was an error in the decision or determination of said general building inspector in the enforcement of said zoning and planning law in denying said Ledbetter a permit to erect a business building in a residential zone in said city, nor was any testimony or other evidence introduced before said board on said hearing tending to show that the erection of the proposed business building in a residential zone in said city would not be contrary to the public interest, or that the erection of said proposed building to be used for public utility or public service purposes in said residential zone was

reasonably necessary for public convenience and welfare, and said judgment was rendered by said board without any evidence whatever to sustain or support same."

Exhibit "A" reads as follows:

"Exhibit 'A'
"East Point Board of Adjustment Minutes
"For March 5th, 1956.

"The board of adjustment met in regular session at 7:33 p. m. on the above date with the chairman and all other members except Mr. Harrisin Phillips, present. The city attorney was absent, making this the second meeting without his presence in succession.

"Mr. G. L. Ledbetter came before the board and requested the board to reverse a decision of the general inspector denying Mr. Ledbetter a business building permit for a minute car wash building approximately 30 feet wide and 80 feet long on the ground that the premises where the building was to be erected is in a residential zone which the city council had refused to rezone for Mr. Ledbetter.

"After some discussion on motion duly made, seconded and unanimously adopted, the action of this board attempting to rezone said lot for Mr. Ledbetter was vacated and set aside as being without and beyond the jurisdiction and power of this board. Thereupon Mr. E. V. Starr made a motion seconded by Mr. H. A. Sneed that upon Mr. Ledbetter's compliance with all laws, ordinances, rules and regulations of the city, except the provision of the zoning ordinance prohibiting use of said premises except for dwelling house purposes, and upon his filing an exact copy of the plans and specifications by which said minute car wash building is to be erected with the general inspector or with this board, and upon his paying the city treasurer the fee required for such building permit, and when Mr. Ledbetter files with this board or with the general inspector of said city his agreement not to erect a temporary building on said premises, and that the building he does erect shall be constructed of concrete blocks or other equal material, and on a concrete slab, and that a paved drive shall be provided for said building, then and only then will a building permit issue for said building; but

when these conditions precedent have been met and complied with said permit shall be issued; but if the general inspector fail or refuse to issue such permit after Mr. Ledbetter has complied with the foregoing conditions, or if the treasurer fail or refuse to accept the permit fee when it is duly tendered, then and in either or both of such events this resolution shall operate as and shall be an official permit to Mr. G. L. Ledbetter to erect such building upon his payments of such permit fee to the chairman of this board and upon his filing such copy of such plans and specifications for such building with this board and upon his filing his written agreement with this board that he will comply with all of the conditions, herein required, whereupon the decision of the general inspector of said city denying Mr. Ledbetter such building permit because Mr. Ledbetter's lot is limited to use for human dwelling house purposes only is hereby reversed because it is the judgment of this board that said premises are not suitable for residential dwelling house use, and is primarily suited for business purposes only, and will not be suited for any other use in the future.

"After discussion this resolution was unanimously adopted. A motion was then made, seconded and unanimously adopted directing the chairman of this board to forthwith deliver a copy of said resolution duly certified by the secretary of this board to the general inspector of the city and also a copy to Mr. G. L. Ledbetter.

"There being no other petitions before the board, the members spent the next hour in a discussion of procedure and future policy to be adopted by the board.

"There being no further business, this meeting of the board of adjustment adjourned at 9:05 p. m. on the above date.

"F. W. Chickering, Chairman"

Ga. L. 1946, p. 191 (Code, Ann. Supp., Chapter 69-8) prescribes zoning and planning procedure for municipalities. In an appeal to the superior court from a board of adjustment, all that is necessary is that the appellant shall file with the clerk of the superior court a petition in writing setting forth plainly, fully and distinctly wherein the decision of the board of adjustment is contrary to law. Ga. L. 1946, p. 198 (Code, Ann. Supp., §

69-827). In the instant case, the defendant in error's petition met these requirements. Further, this is the only procedure provided by law to review a decision of a board of adjustment and the plaintiff in error's contention that the mayor's appellate remedy was by certiorari is without merit.

■ At least one ground of the appeal has merit as against a general demurrer. The mayor contended that the decision of the board of adjustment was not valid because notice of appeal to the board was not given to that city official whose decision was being appealed from, as required by law. The plaintiff in error appealed to the board of adjustment from a decision of the city's general building inspector denying a building permit. Ga. L. 1946, p. 197 (Code, Ann. Supp., § 69-821) provides: "Appeals to the board of adjustment may be taken by any officer, department, board or bureau of the municipality and also by any person or persons having a substantial interest in any decision of an administrative officer, or agency seeking to function under authority of or enforce any ordinance enacted pursuant to this Chapter. Such appeals shall be taken as provided by the rules of the board of adjustment and shall be evidenced by filing with the secretary a written notice of appeal specifying the grounds thereof, and what modification of its decision is sought. The officer or agency from whose decision the appeal is taken shall forthwith transmit to the secretary of the board of adjustment all documents pertinent to the decision appealed from." Ga. L. 1946, p. 197 (Code, Ann. Supp., § 69-823) provides: "The board of adjustment shall fix a reasonable time for the hearing of the appeal, give such notice as it may deem necessary to acquaint persons interested in the decision, as well as due notice to the parties to the appeal, and decide the same within a reasonable time. . ."

Under such provisions, the official whose decision is appealed from is an interested party who must receive notice and be given an opportunity to be present at the hearing of such appeal. If no notice of the appeal to the board of adjustment was given to the general building inspector in the instant case, the proceeding of the board of adjustment was not valid.

■

■ It is not necessary for the appellant to the superior court in appealing from a decision of the board of adjustment to incorporate in his appeal petition all the proceedings of the board of adjustment. In such appeal petition he is required only to set forth plainly, fully and distinctly wherein the decision complained of is contrary to law. Upon the filing of such appeal petition with the clerk of the superior court, it is incumbent upon the clerk to give notice of the appeal to the secretary of the board of adjustment and cause to be filed with said clerk a duly certified copy of the proceeding had before the board of adjustment, including a transcript of the evidence, if any, and the decision of the board. Ga. L. 1946, p. 198 (Code, Ann. Supp., § 69-828).

■ There is no provision of law requiring a cost bond by the appellant in an appeal from a board of adjustment to a superior court.

■ The contention that the mayor had not exhausted his administrative remedies by applying to the board for a rehearing or a "new trial" is without merit. There is no provision in the law for such action. The only provision is for a direct appeal to the superior court from the decision as rendered by the board of adjustment.

■ The mayor of a municipality has a right to appeal from a decision of the board of adjustment. Ga. L. 1946, p. 198 (Code, Ann. Supp., § 69-827).

■ The question of the constitutionality of the zoning ordinance under which a municipality operates can not be raised in an appeal to the superior court from a decision of the board of adjustment. *Gay* v. *City of Lyons*, 209 *Ga.* 599 (74 S. E. 2d 839).

■ It is contended that the decision of the board of adjustment was not final and, therefore, an appeal would not lie therefrom. The contention is without merit. The decision of the board, as evidenced by the minutes of the board, clearly shows that the board reversed the decision of the general building inspector and in effect granted a building permit provided the applicant would submit certain plans and specifications and give certain assurances as to the construction of the proposed build-

ing. For the purpose of an appeal to the superior court, the decision of the board was a final one.

■ The superior court was authorized to find that no notice of the appeal to the board of adjustment was given to the general building inspector, from whose decision the appeal was taken, and since such notice was necessary, the judgment of the court reversing and setting aside the decision of the board of adjustment was not error.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*