### 37893. ALEXANDER *et al. v.* MUSCOGEE COUNTY BOARD OF ADJUSTMENT *et al.*

QUILLIAN, Judge. The law prescribes the method of appeal for correction of errors from all inferior courts and tribunals. Party litigants can not create methods of procedure that are not provided by law. In *Ledbetter* v. *Roberts,* 95 *Ga. App.* 652, 658 (98 S. E. 2d 654) the Mayor of College Park appealed the decision of the Board of Adjustment of College Park in a similar zoning question. This court stated: "The contention that the mayor had not exhausted his administrative remedies by applying to the board for a rehearing or a 'new trial' is without merit. There is no provision in the law for such action. The only provision is for a direct appeal to the superior court from the decision as rendered by the board of adjustment." The act creating the zoning for Muscogee County established the method of appeal (Ga. L. 1951, pp. 3160, 3175). From a ruling of the board of adjustment a party must appeal to the superior court within 30 days after the decision is rendered. (Ga. L. 1951, pp. 3060, 3175). There is no provision for a rehearing by the board of adjustment; consequently, such proceedings on December 18, 1958 and December 31, 1958, were nugatory. The board of adjustment reached a final determination on December 5, 1958. As there was no appeal filed in the superior court within the prescribed period, the superior court is without jurisdiction to review the decision of the board.

*Judgment reversed. Nichols, J., concurs. Felton, C. J., concurs specially.*

DECIDED JANUARY 11, 1960.

*Thompson & Redmond, Lee R. Redmond, Jr., Max R. Mc-Glamry, Theo J. McGee,* for plaintiffs in error.

*Charles M. Evert, Jack M. Thornton, Swinson, Elliott & Schloth, J. Robert Elliott,* contra.

FELTON, Chief Judge, concurring specially. I concur in the judgment of reversal for the reason that the Muscogee County Board of Adjustment is an inferior judicatory and is without constitutional authority to provide for or grant a rehearing.

That part of the act of 1951 (Ga. L. 1951, pp. 3160, 3166) which authorizes the board of adjustment to adopt supplemental rules of procedure is not unconstitutional on its face and is therefore not subject to attack for unconstitutionality. However, Article 10 of the rules and regulations of the board of adjustment which provides for rehearings by the board of adjustment is unconstitutional in that it violates Art. 6, Sec. 4, Par. 6 of the Constitution of the State of Georgia (Code § 2-3906), which provides "New trials—The Superior, and City Courts may grant new trials on legal grounds" for the reason that no other inferior judicatory has the power to grant new trials or rehearings except such courts as have been established by the General Assembly to take the place of justices' courts under Art. 6, Sec. 7, Par. 1 of the Constitution (Code § 2-4201). See *Booth* v. *Stamper*, 6 *Ga.* 172; *Pitts* v. *Carr*, 61 *Ga.* 454; *Stewart* v. *State*, 98 *Ga.* 202 (25 S. E. 424); *Crosson* v. *State*, 124 *Ga.* 651 (52 S. E. 880); *Byrd* v. *Riggs*, 210 *Ga.* 473 (80 S. E. 2d 785); *Tibbs* v. *City of Atlanta*, 125 *Ga.* 18 (53 S. E. 811). The contention by the defendant in error that the plaintiffs in error are estopped to deny the jurisdiction of the board of adjustment to grant a rehearing on the ground that they did not object to the same and participated in it is without merit because jurisdiction of subject matter can not be conferred by consent, or be waived or be based on an estoppel of a party to deny that it exists. *Langston* v. *Nash*, 192 *Ga.* 427, 429 (15 S. E. 2d 481) and cases cited.