39601. BLACK et al. v. WESTSIDE DEVELOPMENT COMPANY et al.

DECIDED JULY 11, 1962—REHEARING DENIED JULY 25, 1962.

*Wm. G. Grant, Robert W. Spears,* for plaintiffs in error.
*Ray Gary, Betty Landers,* contra.

BELL, Judge. The defendants contend that the judgment of the superior court is correct which holds that the action in issue here of the Atlanta-Fulton County Joint Board of Adjustment is void for the reason that the board had no authority to grant a rehearing on appeal. They also urge that the sole remedy for one dissatisfied with the decision of the Board of Adjustment is by an appeal to the superior court as provided in Ga. L. 1946, pp. 191, 198 (*Code Ann.* § 69-827).

The powers of the board are enunciated in the statute and, so far as pertinent here, include the power to hear and decide appeals where it is alleged that there is an error in any order, requirement, decision or determination made by an administrative

official or agency; to authorize upon appeal in specific cases such variance from the terms of the regulations as will not be contrary to the public interest; and in the exercise of these powers to reverse or affirm, wholly or partly, or to modify the order, requirement, decision or determination, and to that end it may exert all the powers of the officer or agency from whom the appeal is taken. Ga. L. 1946, pp. 191, 198 (*Code Ann.* § 69-825).

In *Ledbetter v. Roberts*, 95 Ga. App. 652 (5) (98 SE2d 654), this court held that there is no provision in the law for a board of adjustment to grant a rehearing or "retrial." See also *Alexander v. Muscogee County Board of Adjustment*, 101 Ga. App. 10 (112 SE2d 690), where the same conclusion was reached under a different statute but one which has identical phraseology in its relevant provisions to the one invoked here. In the latter case it was held that parties litigant cannot create methods of procedure which are not provided by law, and there is no authority in the board of adjustment to have a rehearing, even though the rules which it had adopted pursuant to the authority of the statute provided for rehearings. See also *Hasty v. Carter*, 105 Ga. App. 139, 141 (123 SE2d 563), holding that after an order of an administrative body had become final it cannot, in the absence of authority granted by statute or under proper regulations pursuant thereto, set aside its orders retroactively even for fraud in the procurement.

A reading of the statute under which the board of adjustment was established renders it clearly apparent that the board of adjustment acts only as an appellate administrative body with the authority to reverse or affirm, wholly or partly, or modify the order, requirement, decision or determination *appealed from*. The only other method of consideration is by appeal from the board's determination to the superior court. An appeal to the superior court must be filed within 30 days after the decision of the board of adjustment is rendered. It is clear that there is no express provision in the statute for the board to have a rehearing. The General Assembly having provided for a method of appealing the decisions of the board, we think that the statutory procedure is exclusive. It follows that the board is without power to grant a rehearing. The statute did not contemplate more than

one appeal. Judicially to permit more than one would be to contravene the intent of the General Assembly and to open the flood gates for unduly prolonging, conceivably ad infinitum, any proceeding brought under the statute.

The plaintiff urges that the case of *Johnson v. Evangelical Lutheran Church of the Messiah*, 79 Ga. App. 671 (54 SE2d 722), is authority for the board of adjustment to grant a re-hearing. Under the facts of that case, it appears that a public hearing was held upon the application of the church for amend-ment to the zoning ordinance to allow the erection of a place of worship. At the first hearing, the commissioners of the City of Decatur rejected the application but *another application* was made a few weeks later, and after the second hearing, the commissioners authorized the rezoning. Two features distinguish *Johnson* from the present action: Firstly, the administrative body there was the one initially authorized to make the decision, while here the administrative agency sits as an appellate administrative body; secondly, the second application was *a new case* and was not *a rehearing* of a former one. Had there been an appeal in the present case, from a subsequent refusal by the building inspector to issue a permit, clearly a different is-sue would have been presented.

The superior court properly held that the purported decision, on rehearing, of the Atlanta-Fulton County Joint Board of Ad-justment was null and void.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*