### 40893. STEPHENS v. ATLANTA-FULTON COUNTY BOARD OF ADJUSTMENT et al.

Decided October 6, 1964.

Zoning appeal. Fulton Superior Court. Before Judge Shaw.

*Preston L. Holland,* for plaintiff in error.

*Harold Sheats, John Tye Ferguson, Mathew Robins, Johnson & Lane, J. Clifford Johnson,* contra.

Felton, Chief Judge. On October 17, 1963, the Atlanta-Fulton County Joint Board of Adjustment granted a variance from the zoning regulations to Mrs. J. L. Picklesimer for certain real property. On October 21, 1963, the plaintiff in error filed with the said board what he entitled "Motion for rehearing, reconsideration and motion that variance granted on October 17, 1963, be set aside and variance denied." This latter motion was denied by the Board of Adjustment on November 21, 1963. On December 2, 1963, the plaintiff in error filed his appeal to the Superior Court of Fulton County. The board filed its response to the appeal on January 2, 1964. A Judge of the Superior Court of Fulton County dismissed the appeal and the exception here is to a refusal by the Fulton Superior Court to vacate its decision dismissing the appeal.

1. Under *Code Ann.* § 69-827 (Ga. L. 1946, pp. 191, 198) an appeal from a decision of the Board of Adjustment must be filed within 30 days after the decision of the board is rendered. In this case, instead of appealing within 30 days after the original decision of the board, the plaintiff in error filed his appeal within 30 days after the board rendered a decision on the motion for rehearing filed with it by the plaintiff in error. The appeal was filed more than 30 days after the rendition of the original decision by the board, which was the only legal and appealable

decision rendered by the board. The decision by the board on the motion for rehearing and to set aside the original judgment was rendered on November 21, 1963. This judgment was a complete nullity and could not furnish a time basis for an appeal since the board is without jurisdiction to grant a rehearing in such a matter or to set aside a decision made by it on the ground of fraud in procurement. *Simpson v. Liberty Mut. Ins. Co.,* 99 Ga. App. 629 (109 SE2d 876); *Black v. Westside Development Co.,* 106 Ga. App. 378 (126 SE2d 901); *Ledbetter v. Roberts,* 95 Ga. App. 652 (2) (98 SE2d 654); *Alexander v. Muscogee County Bd. of Adjustment,* 101 Ga. App. 10 (112 SE2d 690).

The judgment of Fulton Superior Court overruling the motion to set aside its previous judgment dismissing the appeal of the plaintiff in error is affirmed.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*