## 47212. BARRETT et al. v. DAFFRON.

EBERHARDT, Presiding Judge. Clyde Daffron filed with the governing authority of Cobb County an application to rezone certain property owned by him, and, on September 4, 1968, the application was approved and designated "Final decision of the Board of Commissioners of Roads and Revenues." On September 24 the board of commissioners adopted a resolution, without notice to applicant, vacating this decision on the grounds that the property had not been properly posted and the board had been without jurisdiction to rezone on September 4 for this reason. After subsequent notice and hearing, the board on November 2, ratified and readopted the vacating resolution of September 24. The present appeal is from a grant of summary judgment to Daffron in his declaratory judgment action against the county and its officials, in which the trial court held that the posting of the property complied with the Cobb County zoning ordinance, that the rezoning of September 4 was a valid legislative act, and that the board had no authority to vacate its original resolution amending the zoning ordinance.. The overruling of appellants' motion for summary judgment is also enumerated as error. *Held:*

Since appellants concede that if the notices were properly posted "then, in that event, the first zoning was and is valid and not subject to change," and since we conclude that the posting was proper, we find it unnecessary to consider whether, as a general proposition, the board of commissioners was vested with the power of reopening or rehearing a rezoning application on which final action had been taken, or of vacating such action. See, however, section 9 of the Cobb County Zoning and Planning Act (Ga. L. 1956, p. 2006, as amended by Ga. L. 1964, pp. 3181, 3182; *Beazley v. DeKalb County,* 210 Ga. 41 (1) (77 SE2d 740); *Alexander v. Muscogee County Board of Adjustment,* 101 Ga. App. 10 (112 SE2d 690).

We pass to the basic question at issue. Section 9 of the

Cobb County Zoning and Planning Act, supra, provides that "In addition to said advertisement in the legal organ of the county as herein provided for, reasonable notice shall be posted on the affected areas for such time and for such matter as the governing authority may prescribe." The zoning regulations adopted pursuant to the Act provide that "Signs must be posted on or near right of way of nearest public *street*, 30 days before public hearing. If signs are not posted, application will not be considered." (Emphasis supplied). "Street" is defined by the regulations as "A public or private thoroughfare which affords the *principal means of access* to abutting property." (Emphasis supplied).[1]

The record shows without dispute that plaintiff's property is bounded on the north, east and south by land lot lines and on the west by a railroad right of way. Paradise Shoals Road, contended by appellants under their construction of the evidence to be the nearest public road to plaintiff's property, is not contiguous thereto, is separated therefrom by a wooded tract of land, and affords no access to plaintiff's property. The only access to the property is by Gilmore Road, a public road, across the railroad right of way. The Cobb County zoning authorities furnished two signs to be posted on plaintiff's property, one of which was posted on his property near the railroad right of way at the Gilmore Road crossing, and the other posted south of the first sign along the right of way where neighbors frequently walked.

In view of the requirements of the zoning regulations that posting must be accomplished on or near the right of way of the street affording the principal means of access, we find appellants' contention that the signs should have been posted on Paradise Shoals Road, which affords no access to plaintiff's property, to be without merit.

In a supplemental brief appellants contend that the regula-

---

[1]This definition did not come to light until the advent of judicial proceedings.

tions do not require that the street to be posted afford access to the applicant's property but only to abutting property. Thus it is argued that since Paradise Shoals Road afforded access to various abutting property owners, although not to plaintiff, posting could properly be accomplished along its right of way. However, "street" as defined by the regulations must clearly be one which "affords the principal means of access to abutting property [from applicant's property]."

Judgment affirmed. Deen and Clark, JJ., concur.
ARGUED MAY 24, 1972—DECIDED JUNE 14, 1972—
REHEARING DENIED JULY 7, 1972.

Edwards, Awtrey & Parker, A. Sidney Parker, for appellants.

Hatcher, Meyerson, Oxford & Irwin, Benny L. Irwin, Paul E. Pressley, for appellee.